1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MONTANA**

TODD KENNETH HOROB,

      Plaintiff,

      vs.

SUSAN P. WATTERS, et al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

1:19-cv-00096-RCJ

**ORDER**

14        Plaintiff brought this suit seeking monetary damages from judges in this District claiming

15 that they fraudulently presided over his criminal case. Additionally, Plaintiff applies to proceed *in*

16 *forma pauperis*, which the Court grants but, in so doing, screens the case and dismisses it with

17 prejudice as Defendants enjoy absolute immunity.

18                              **LEGAL STANDARD**

19        Federal courts must conduct a preliminary screening for every case seeking *in forma*

20 *pauperis* and should dismiss the case if the action "is frivolous or malicious, fails to state a claim

21 on which relief may be granted, or seeks monetary relief against a defendant who is immune from

22 such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon

23 which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and a

24 court applies the same standard under Section 1915. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

Cir. 2012). When a court dismisses a complaint under Section 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is a ruling on a question of law. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, a court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a claim is insufficient. *Id*.

## BACKGROUND

Over ten years ago, a jury of Plaintiff's peers convicted him on seven different counts in this District. Plaintiff challenged the conviction and sentence through appeals and collateral attacks to no avail. After serving his sentence, the Bureau of Prisons released Plaintiff earlier this year. (ECF No. 1.) Shortly thereafter, he initiated this case against Defendants, who are all judges in this District. (*Id.*) Plaintiff claims that Defendants fraudulently "altered and fabricated the Court record and transcript" in his case and lied to protect the fraud. (*Id.*)

///

///

**ANALYSIS**

As an initial matter, Plaintiff submitted a declaration showing an inability to prepay fees and costs or give security for them. (ECF No. 4.) Thus, the Court grants Plaintiff's request to proceed *in forma pauperis*. In granting this request, the Court proceeds to screen the Complaint.

Plaintiff brings this case against three judges in this District for the alleged fraudulent handling of his criminal case: 1:08-CR-00093-BMM. (ECF No. 1.) In the Complaint, Plaintiff vaguely states that Defendants lied and acted fraudulently but does not relay a single specific instance of such conduct. (*Id.*) These conclusory allegations would merit dismissal because they lack the required specificity under Federal Rule of Civil Procedure 8. However, the claims suffer from more serious defects that render dismissal with prejudice appropriate.

Plaintiff seeks monetary damages from Defendants alleging that they fraudulently performed their duties as judges. These claims cannot succeed. The Supreme Court has long proclaimed that judges enjoy absolute immunity "from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citing *Bradley v. Fisher*, 80 U.S. 335 (1872)). This immunity even extends to allegations of bad faith or malice. *Id.* Absolute immunity is essential for judges to be neutral decisionmakers without fear of incurring civil liability. *Id.* With this protection, Plaintiff claims that Defendants are liable for fraudulently presiding over his criminal case is fatally flawed. Accordingly, amendment cannot cure this defect, and the Court dismisses the case with prejudice.

Lastly, the Court finds that an *in forma pauperis* appeal from this order would not have an arguable basis in law or fact, so appeal of this order would be frivolous. *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)). Thus, the Court certifies that any *in forma pauperis* appeal from this order would not be taken in good faith.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that the case is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

The clerk of the court shall close this case and enter judgment accordingly.

IT IS SO ORDERED.

Dated this 28th day of February 2020.

_____
ROBERT C. JONES
United States District Judge